*Zhu v. Lynch*

BIA
Zagzoug, IJ
A200 753 724

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>       *Circuit Judges.*

_____

YONGWEN ZHU,
>       *Petitioner,*

>       v.                                        14-585
>                                                 NAC

LORETTA E. LYNCH,
UNITED STATES ATTORNEY GENERAL,[1]
>       *Respondent.*

_____

**FOR PETITIONER:**                 Joshua Bardavid, New York, New York.

---

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Lorette E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Katharine E. Clark, Senior Litigation Counsel; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongwen Zhu, a native and citizen of the People's Republic of China, seeks review of a February 4, 2014, decision of the BIA affirming a March 27, 2012, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongwen Zhu,* No. A200 753 724 (B.I.A. Feb. 4, 2014), *aff'g* No. A200 753 724 (Immig. Ct. N.Y. City Mar. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of

2

review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Zhu did not challenge the pretermission of his asylum application as untimely, and explicitly waives his CAT claim before this Court; accordingly, we address only Zhu's challenge to the agency's denial of withholding of removal.

For applications such as Zhu's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness" and inconsistencies in his statements, so long as they reasonably support an inference that he is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Zhu claimed that he was arrested on June 28, 2009, and released on July 2, 2009, when his parents paid a fine. With his application, Zhu submitted various records from China,

3

including a detention certificate stating that he was detained for disturbing the social order; a fine notice stating that he was fined because of his participation in an underground Catholic church; a fine certificate noting that Zhu had been fined and paid the fine; and a fine receipt also showing that Zhu had paid a fine. Zhu testified inconsistently about what documents he received from officials, when he received them, and if they were given to him or his mother. He testified at one point that his mother had lost one of the documents, but the document in question was part of the administrative record. In short, Zhu's testimony made clear that he was unaware of what documents had been submitted to the immigration court, and what those documents said. Further, Zhu was inconsistent as to when he went into hiding after his release from detention, why he went into hiding, and when officials visited his home while he was hiding.

Substantial evidence thus supports the IJ's adverse credibility determination, based on Zhu's non-responsive and inconsistent testimony. 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, Zhu does not challenge the finding that his testimony

4

was inconsistent, but argues that his inconsistent answers resulted from "confusion." He elaborates no further, and his explanation does not "demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotations omitted).

Zhu argues that the IJ erred because she failed to explain why the independent evidence in the record did not rehabilitate his credibility. He specifically points to a medical record stating that he was an outpatient at Fuzhou City Health Center on July 2, 2009. However, the IJ noted that she had considered the medical record and gave it limited weight because it had not been proven to be reliable. The weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Zhu also argues that the detention certificate, fine notice, fine certificate, and fine receipt prove that he was detained in China on account of his religious activity. However, the IJ reasonably gave these documents limited weight because Zhu was unfamiliar with

their content, and could not explain when or where he received them.

Finally, Zhu argues that even assuming he was not credible as to his claim of past persecution, the IJ erred because she accepted that Zhu was a practicing Catholic but did not consider whether he had an independent well-founded fear of future persecution on that basis. However, the IJ specifically stated that even if Zhu was "a practicing Catholic in the United States, that alone is insufficient to show that he has a well-founded fear of future persecution," based on an analysis of the country conditions evidence in the record.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6